## Beehler *versus* Smith.

1. A legacy given, without designating any time of payment, is payable one year after the death of the testator, and bears interest from that time.

2. The settlement of a final account by an executor showing funds in his hands—the distribution of the funds to and among the legatees by an auditor, and confirmation of the auditor's report, at which audit the legatee was present, bar his right of action against the executor for recovery of interest alleged to be unpaid on his legacy.

ERROR to the Court of Common Pleas of *Bedford County.*

The facts sufficiently appear in the opinion of the court, delivered June 5th, 1861, by

STRONG, J.—This case is not to be distinguished in principle from *King* v. *Diehl,* 9 S. & R. 409. The plaintiff came of age before the death of the testator, and the legacy to him was to be considered as given without any designation of the time of payment. It was, therefore, payable one year after the death of the testator, and bore interest from that time. The defendant in error, however, contends that because a part of the legacy was directed to be paid out of the Beehler bonds, and because those bonds bore no interest until April 19, 1844, one-half of the legacy bore no interest until that time. The language of the will was: "I give and bequeath unto my three grandchildren, Elizabeth Beehler, John Wesley Beehler (the plaintiff), and Samuel Beehler, children of my deceased daughter Margaret, one thousand dollars each, to be paid by my said executors when they shall respectively arrive of age, without

[Beehler *v.* Smith.]

interest.  The money which I advanced Peter Beehler, father
of said children of Margaret, and for which I hold his bond, shall
form part of the fund for the payment of said legacies to said
children; but the same are not to bear interest until the lega-
cies would bear interest.  And I hereby direct my said execu-
tors to collect the same from the said Peter Beehler, and to
pay the same over to my said grandchildren before mentioned.
But should the money so advanced be lost, the same is not to
be made up by my executors or paid out of my estate." These
bonds, it is said, amounted to fifteen hundred dollars, the one-
half of the aggregate of the three legacies given to the grand-
children.  It is unnecessary to inquire whether the legacies
were specific or only demonstrative so far as they were directed
to be paid out of the Beehler bonds.  Certainly they were
not specific in the sense that the actual ownership of the bonds
was given to the legatees.  Some of the cases, however, deno-
minate a legacy specific when it is made payable exclusively
out of a designated fund.  All this is unimportant in this case.
No part of the legacies have fallen, for the bonds have been
collected.  The legacies were not charged exclusively upon
those bonds, nor was any specific part of them thus charged.
To each grandchild one thousand dollars was given, payable
partly out of the testator's estate generally, and partly out of
the proceeds of the bonds.  That the legacy was thus given
cannot affect the right of the legatee to interest.  Even if the
legacy be specific in part, it does not follow that one-half of it
is specific, and that half of it might have been paid by turning
out the bonds lost or not lost.  All that the testator intended
was that if the debt from Peter Beehler should be lost, the le-
gacies should abate to the extent of the loss.  The will directed,
it is true, that the bonds should not bear interest until the le-
gacies would bear interest.  This provision was for the relief
of the obligor.  It was to regulate his interest, not to define
when the legatees should be entitled to interest.  We discover
nothing in the will which indicates that the entire legacy to the
plaintiff was not to bear interest one year after the death of the
testator.  The assumption of the defendant in error cannot be
admitted, that when part of a legacy is payable out of a par-
ticular fund, the legatee is not entitled to interest unless the
fund bears interest.

This view of the case indicates that on the 20th of March,
1840, when the second payment was made on account of the
legacy, there remained unpaid the sum of $31 10.  We think,
however, the plaintiff was concluded by the distribution de-
creed in the Orphans' Court.  The defendant, as executor of
the will of the testator, settled his account in the Orphans'
Court, showing a balance of near five thousand dollars due the

estate. Of this balance distribution was ordered and made among the legatees under the will. The report of the auditor making final distribution was confirmed on the 30th of April, 1855. At the audit the plaintiff was present, and was examined as a witness. There he testified that all his legacy had been paid, and the balance was distributed among the other legatees. It is not for him now to assert a claim which he then repudiated, and which, if it had been just, he might have obtained in the Orphans' Court. There was no error, therefore, in directing a verdict for the defendant.

The judgment is affirmed.